DANIEL P. SMOCK ET AL. v. PETER C. VANDERVEER ET AL.

Surveyors of the highways may be appointed to make an alteration in a road within one year after the road has been laid out.

On *certiorari*. In matter of road.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiffs, *J. J. Ely.*

For the defendants, *C. Robbins.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 9th day of November, 1877, a public road was laid out by the surveyors of the highways in the township of Marlboro, in the county of Monmouth. No application having been made for freeholders to review the action of the surveyors, the return of the surveyors was duly recorded.

On the 28th day of May, 1878, the Court of Common Pleas of the county of Monmouth, on the application of the

defendants in *certiorari*, appointed surveyors of the highways to make an alteration in the road so laid out, by vacating a portion of it, and relaying it over another route, ending about eleven chains north of the terminus of the part vacated.

This *certiorari* is prosecuted for the purpose of setting aside the proceedings for the alteration, on the ground that they were had within one year after the appointment of surveyors to lay out the original road.

The case *Matter of Highway, Penn.* 665, is relied upon by the relators, but the road law has been materially changed since that case was decided.

The act entitled "An act relative to the laying out, vacating and altering of roads," passed June 1st, 1799, (*Paterson's L.* 387,) made no provision for the appointment of freeholders to review the action of the surveyors. The return was final as to the necessity for the road, and was subject to be set aside by the court only, for irregularity or illegality in the proceedings of the surveyors.

Section eleven of that act provided as follows: "That it shall not be lawful for any court to appoint surveyors of the highways to lay out, vacate or alter any road oftener than once in the course of the same year, except where the return of said surveyors shall have been set aside for irregularity or illegality of procedure."

To this act a supplement was passed in 1807, (*Pamph. L., p.* 70,) providing for the appointment of freeholders, and if they should certify that the road was necessary, such certificate should be binding; but if they found it unnecessary, then the road was to be vacated, and could not be again applied for under the term of one year.

This was the condition of the law at the time of the decision in Pennington. The court there adopted the only construction of which the act was susceptible.

On the 22d of February, 1811, an act concerning roads was passed, (*Bloomfield's L., p.* 238,) providing for the appointment of surveyors to lay out, for the filing of a *caveat*,

and for freeholders to review, in language substantially like that used in the law now in force.

This act repealed the act of 1799, and the supplement of 1807, without re-enacting the eleventh section of the earlier act.

The act of February 9th, 1818, (*Pamph. L.*, *p.* 26,) repealed the act of February 22d, 1811, but made no change in the law, so far as respects the question now involved.

Neither the act of 1811, the act of 1818, or the act of 1846, (*Nix. Dig.* 822,) prohibits a second appointment of surveyors within the year where the surveyors first appointed fail to certify that the road applied for is necessary. No such prohibition has existed in our statutes since the repeal of the act of 1799, until the passage of the act of 1875. *Pamph. L.*, *p.* 64; *Rev.*, *p.* 1013.

Nor has there, since the repeal of the act of 1799, been any denial of the right to make application for surveyors for the purpose of vacating a road laid within a year, unless it is contained, by implication, in section eight of the road act. *Rev.*, *p.* 996.

Whether the method for relief given by that section to one who feels aggrieved by the laying out, vacating or altering of a road excludes every other mode, except by application for freeholders, need not now be determined.

Conceding to section eight the exclusive force which is claimed for it, two contingencies are provided for in which a second application for surveyors cannot be made within the year : *First.* Where surveyors refuse to lay the road. *Second.* Where the surveyors lay out the road.

In the case now under review the defendants did not apply below for surveyors to vacate the road which had been laid. The application was for an alteration of the road, which involved the vacation of only part of it. This object could not have been accomplished by filing a *caveat* and applying for freeholders. The freeholders would have had power to vacate part of the road, but could not have laid out the portion necessary to make the desired alteration. *Reid* v. *Inhabitants of Wall*, 5 *Vroom* 275.

The eighth section of the road act furnishes no mode of making an alteration in a road which has been laid out, and cannot therefore, by implication, exclude the only other method in which such alteration can be effected.

There is nothing in the road act which indicates an intention on the part of the legislature to prohibit an alteration of a road within one year after it has been laid out.

The question whether the road should be altered is a new subject matter, which could not have been considered by the surveyors first appointed, nor by freeholders appointed to review their proceedings, and there is nothing in the spirit or policy of the law which requires the public or the parties concerned to delay their application for a year.

The writ should be dismissed, with costs.